## E. L. Cannon, Sole Trader, Appellant, v. Turner-Hudnut Company, Inc., Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Tazewell county; the Hon. Theodore N. Green, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed December 27, 1913.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

## Statement of the Case.

Action by E. L. Cannon, sole trader and doing business as The Warren Refining Company, against Turner-Hudnut Company, a corporation, to recover the price of a barrel of paint shipped to defendant in compliance with an order therefor sent by mail. Defendant refused to receive the paint at destination claiming that the price charged was more than he agreed to pay. From a judgment in favor of defendant entered upon a verdict directed for defendant, plaintiff appeals.

W. B. COONEY, for appellant.

H. C. FRINGS, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 199*—*when delivery to carrier completes sale.* An order sent by mail to a paint company for a barrel of paint directing that it be shipped at once, when accepted by letter constitutes a contract of purchase and sale, and a delivery thereafter of the paint to the railroad company for transportation to the buyer completes the sale and delivery.

2. SALES, § 317*—*when buyer cannot refuse to accept consignment on account of price charged.* An order was sent by mail to a paint company for a barrel of paint suitable for painting boats with directions to ship at once, without any reference to the price. The paint company accepted the order by letter and delivered the paint to the railroad company for transportation. Upon arrival of the paint at destination the buyer refused to accept the same. In an action for the price the buyer urged as a defense that the price charged was greater than that quoted to him by the company's agent for such paints several months before he sent the order. *Held* that the contract of sale was complete and that the buyer was liable, it appearing that there were different qualities of paint for painting boats, that the paint company had no knowledge of the quotations made by the agent and that no mention was made of the agent's quotations in the written order for the paint.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.